STATE OF MINNESOTA

IN SUPREME COURT

A16-0066



In re Petition for Disciplinary Action against
Jorge Luis Sanchez, a Minnesota Attorney,
Registration No. 0388556.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action seeking reciprocal discipline under Rule 12(d), Rules on Lawyers Professional Responsibility (RLPR), based on an order of the Nevada Supreme Court suspending respondent Jorge Luis Sanchez for 5 years, effective as of December 8, 2014, followed by 3 years of probation if he is reinstated to the practice of law. *See In re Sanchez*, No. 67182, 2015 WL 5568072, at *1-2 (Nev. Sept. 21, 2015) (order). The Nevada suspension was based on Sanchez's admissions that he violated Nev. R. Prof. Conduct 1.1, 1.2, 1.3, 1.4, 1.5, 1.15, 1.16, 1.17, 3.2, 8.1(b), and 8.4. *Sanchez*, 2015 WL 5568072, at *1.

The Director and respondent have entered into a stipulation in which respondent unconditionally admits the allegations in the petition for disciplinary action and waives his rights under Rule 12(d), RLPR. The parties jointly recommend that the appropriate discipline is reciprocal discipline.

The court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records, and proceedings herein,

1

IT IS HEREBY ORDERED THAT:

1.      Respondent Jorge Luis Sanchez is indefinitely suspended from the practice of law, effective as of December 8, 2014, with no right to petition for reinstatement until 5 years after the beginning of his suspension;

2.      Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals), and shall pay $900 in costs pursuant to Rule 24, RLPR;

3.      Respondent may petition for reinstatement pursuant to Rule 18(a)-(e), RLPR. Reinstatement is conditioned on: (a) successful completion of the professional responsibility portion of the state bar examination; (b) satisfaction of continuing legal education requirements pursuant to Rule 18(e), RLPR; and (c) compliance with all the conditions set forth in the Nevada Supreme Court's September 21, 2015, order suspending respondent, except that respondent is not required to take and pass the Minnesota state bar examination in order to be reinstated;

4.      If respondent is reinstated in Nevada before he is reinstated in Minnesota, then at the time respondent seeks reinstatement in Minnesota, the parties may recommend that the reinstatement hearing in Rule 18, RLPR, be waived. The court retains the authority to decide if the reinstatement hearing shall be waived; and

5.      If respondent is reinstated in Minnesota, he will be subject to at least 3 years of supervised probation.

2

Dated: February 3, 2016

BY THE COURT:

David R. Stras
Associate Justice